**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Jiamon ZELAYA–PARADA, also known as Jose Jaime Zelaya–Parada, also known as Jose Jaime Zelaya, also known as Jose Jaime Parada, Defendant–Appellant.**

No. 06–50084
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, Plaintiff–Appellee.

Nancy Gosnell Revelette, El Paso, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Zelaya–Parada appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. Zelaya–Parada argues, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the 31–month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Zelaya–Parada's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Zelaya–Parada properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Zelaya–Parada also argues that his guilty plea is not valid because (1) the

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court failed to give him full and correct information regarding the maximum statutory penalty that he would face for the offense and (2) the factual basis for his plea was insufficient to establish that he was "found in" the United States. Zelaya–Parada's first argument is premised on the unconstitutionality of § 1326. However, the Supreme Court has held that § 1326 is constitutional. *Almendarez–Torres,* 523 U.S. at 246, 118 S.Ct. 1219. As to the second argument, Zelaya–Parada has not shown plain error. *See United States v. Vonn,* 535 U.S. 55, 72–76, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Pacheco–Medina,* 212 F.3d 1162, 1163–64 (9th Cir.2000).

As the Government seeks to enforce Zelaya–Parada's waiver of sentencing issues and the waiver is valid, we do not address those issues. *See United States v. Story,* 439 F.3d 226, 230–31 (5th Cir.2006).

AFFIRMED.

*AFFIRMED.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.